AO 106 (Rev. 04/10) Application for a Search Warrant (Modified: WAWD 10-26-18)

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Subject Device: A Black iPhone in a clear case with a cracked screen, more fully described in Attachment A.

)
)
)
)
)
)
)

Case No.  MJ24-704

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Subject Device: A Black iPhone in a clear case with a cracked screen, more fully described in Attachment A.

located in the          Western          District of          Washington          , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C) | Possession with Intent to Distribute a Controlled Substance<br>Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

The application is based on these facts:

✓   See Affidavit of Special Agent Owen Reese, continued on the attached sheet.

☐ Delayed notice of          days (give exact ending date if more than 30 days:                    is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Owen Reese, Special Agent (FBI)

*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:          11/01/2024

*Judge's signature*

City and state:   Seattle, Washington

Brian A. Tsuchida, United States Magistrate Judge

*Printed name and title*

USAO: 2024R00372

1 **AFFIDAVIT**

2 STATE OF WASHINGTON            )

3                                )        ss

4 COUNTY OF KING                 )

5

6     I, Owen Reese, being first duly sworn on oath, depose and say:

7 ### AFFIANT BACKGROUND

8     I am a Special Agent with the Federal Bureau of Investigation (FBI) and has been

9 so since May 2016. Your affiant is currently assigned to the FBI Seattle Division, Child

10 Exploitation and Human Trafficking Task Force and has been so since January of 2022.

11 As an FBI Special Agent, I have received extensive training in a variety of investigative

12 and legal matters of violations of federal and state law. Prior to being assigned to the FBI

13 Seattle Division, your affiant was assigned to the FBI San Juan Division in Puerto Rico

14 from 2016 to 2021, where I served on both the Violent Crimes Task Force and the Safe

15 Streets Gang Task Force. Prior to being a Special Agent with the FBI, I was a sworn Law

16 Enforcement Officer with the Norfolk Police Department in Norfolk, Virginia from 2011

17 to 2016. During this time, I served as a detective in both the Vice and Narcotics Division

18 and the Violent Crimes Division – Robbery Squad. I have participated in numerous Child

19 Exploitation, Human Trafficking, and Violent Crimes investigations as the primary

20 investigator or in a subsidiary role. I am "an investigative or law enforcement officer of

21 the United States" within the meaning of Section 2510 (7) of Title 18, United States

22 Code. I am therefore an officer of the United States who is empowered by law to conduct

23 investigations of, and to make arrests for, the offenses enumerated in Title 18, United

24 States Code.

25     I have encountered and have become familiar with various tools, methods, trends,

26 paraphernalia, and related articles utilized by various traffickers in their efforts to import,

27 export, conceal and distribute controlled substances. I am also familiar with the manner

AFFIDAVIT OF SA REESE - 1
*United States v. Dodd*  USAO 2024R00372

1   in which drug traffickers use telephones, often cellular telephones, to conduct their

2   unlawful operations, and how they code their conversations to disguise their unlawful

3   activities.

4        I have participated in the debriefing of defendants, witnesses, and informants,

5   during which time I have discussed with them their methods of drug smuggling,

6   distribution, packaging, trafficking, avoiding law enforcement, and laundering proceeds,

7   among other concerns related to drug trafficking. I have discussed and learned from other

8   law enforcement investigators in regard to these matters as well.

9        In addition to practical experience, I have has received formal training in

10  controlled substances enforcement. This includes training regarding controlled substance

11  recognition, field testing, undercover investigations, telecommunications analysis,

12  surveillance techniques, financial investigations, and clandestine laboratories.

13       The information contained in this affidavit was obtained from the investigation

14  conducted by myself in addition to information provided to me by other local and federal

15  law enforcement agents. Because this affidavit is made for the limited purpose of

16  establishing probable cause, I have not recited each and every fact known to me as a result

17  of this investigation.

18
                    **INTRODUCTION AND PURPOSE OF AFFIDAVIT**
19
20       1.    This affidavit is submitted for the limited purpose of establishing probable

     cause to search a **black iPhone in a clear case with a cracked screen, marked as**
21
22  **Seattle Police Evidence Item # 2024-051208-7 (hereafter SUBJECT DEVICE)** which

23  is currently in the custody of the Seattle Police Evidence Unit in Seattle, Washington.

24       2.    As set forth below, there is probable cause to believe that the **SUBJECT**

25  **DEVICE** contains evidence, fruits and instrumentalities of the following crimes:  Title

26  21, United States Code, Sections 841(a)(1), 841(b)(1)(C) Possession with Intent to

27  Distribute a Controlled Substance, Possession of a Firearm in Furtherance of a Drug

AFFIDAVIT OF SA REESE - 2
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i),

2    and Title 18, United States Code, Section 922(g)(1) Unlawful Possession of a Firearm, as

3    well as attempt or conspiracy to commit such offenses (hereinafter the "TARGET

4    OFFENSES") as further described in Attachment B, attached hereto and incorporated by

5    this reference.

6                    **SUMMARY OF PROBABLE CAUSE**

7              3.         On or about August 28, 2009, ANTHONY RAYMOND DODD was

8    sentenced to between 171 months and lifetime imprisonment following his convictions

9    for Residential Burglary, three counts of Robbery First Degree, Unlawful Imprisonment,

10   and Indecent Liberties Using Force, in King County Superior Court, under case number

11   08-1-07662-4. DODD was subject to conditions of community custody following his

12   release from prison[1], to include the following, in relevant part:

- You must obey all laws and court orders, including any conditions set forth in your Judgement and Sentence, and abide by all conditions imposed by the Indeterminate Sentencing Review Board (ISRB).
- You are prohibited from owning, possessing, receiving, shipping, or transporting a firearm, deadly weapon, ammunition, or explosives.
- You must submit to a search of your person, residence, vehicle and/or possessions when requested by a Community Corrections Officer (CCO). This includes a search of your computer, cellphone and any other electronic devices.
- You must consent to DOC home visits to monitor compliance with supervision. Home visits include access for the purpose of visual inspection of all areas of residence in which the offender lives or has exclusive or joint control or access.

[1] Dodd signed the conditions of supervision following his release from prison on November 23, 2021.

AFFIDAVIT OF SA REESE - 3
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- You must submit to a polygraph examination to be conducted by a polygraph examiner certified by the American Polygraph Association at the discretion of your CCO to verify compliance with your release conditions.

4.      After receiving an anonymous tip reporting DODD was engaged in drug trafficking and possession of firearm(s), DOC requested DODD appear for a polygraph at the local DOC office.

5.      On February 22, 2024, DODD arrived and parked his vehicle, a 2016 Chevrolet Malibu (registered to his girlfriend) near the DOC office in the 1700blk of 3rd Avenue South, Seattle, Washington. DOC officers observed DODD park the Malibu and walk towards the DOC office. Suspecting DODD may have a firearm, DOC officers maintained surveillance of the Malibu while DODD submitted to the polygraph examination.

6.      The State certified Polygraph examiner informed DOC Officer Bullard that DODD had strong reactions when asked about possessing firearms. DOC Officer Bullard transported DODD over to the Malibu and conducted a search of the vehicle under Department of Corrections authority. DOC officers located a stolen Glock 45 handgun, serial number BVDV734. The firearm was loaded with a round in the chamber and located in the center console of the vehicle and was sitting on top of approximately 120.7grams of suspected fentanyl pills as depicted in figures 1, 2, and 3 below. DOC took DODD into custody for the DOC violations and recovered the Glock and fentanyl pills. The **SUBJECT DEVICE** was taken from DODD's person and seized by DOC.

//

//

AFFIDAVIT OF SA REESE - 4
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10



**Figure 1**

11
12
13
14
15
16
17
18
19



**Figure 2**

20
21
22 //
23 //
24
25
26
27

1
2
3
4
5
6
7
8
9
10



**Figure 3**

11   7.   Following DOC's seizure of the **SUBJECT DEVICE**, DOC Officer
12   Bullard observed the **SUBJECT DEVICE** had a recently received a text message on the
13   lock screen from "Johnn" that stated, "Hey bro I need 300 blues" as depicted below in
14   Figure 4.

15
16
17
18
19
20
21
22
23
24
25
26

**Figure 4**

27

AFFIDAVIT OF SA REESE - 6
*United States v. Dodd* USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   On April 10, 2024, the Honorable Magistrate Judge Brian A. Tsuchida authorized

2   the issuance of a search warrant for the SUBJECT DEVICE under case number MJ24-

3   208. On September 5, 2024, FBI agents obtained an extraction of data from the

4   SUBJECT DEVICE.  On October 28, 2024, my review of the extraction revealed the data

5   extracted forensically was not a full extraction and did not reach the scope of the data

6   authorized by the warrant.  As such, I am seeking judicial authority to forensically

7   examine the SUBJECT DEVICE as set forth in the perimeters contained in Appendix B.

8   Based on your affiant's training and experience, your affiant knows that "blues" is

9   street terminology for fentanyl pills.  There is probable cause to believe the SUBJECT

10  DEVICE contains evidence of DODD committing violations of Title 21, United States

11  Code, Sections 841(a)(1), 841(b)(1)(C) Possession with Intent to Distribute a Controlled

12  Substance, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in

13  violation of Title 18, United States Code, Section 924(c)(1)(A)(i), and Title 18, United

14  States Code, Section 922(g)(1) Unlawful Possession of a Firearm, as well as attempt or

15  conspiracy to commit such offenses (the "TARGET OFFENSES") and am seeking

16  judicial authorization to search the device described in Attachment A for the items

17  described in Attachment B.

## TECHNICAL TERMS

19  8.      Based on my training and experience, I uses the following technical terms

20  to convey the following meanings:

21  a.      Wireless telephone: A wireless telephone (or mobile telephone, or
cellular telephone) is a handheld wireless device used for voice and data communication
22  through radio signals. These telephones send signals through networks of
transmitter/receivers, enabling communication with other wireless telephones or
23  traditional "land line" telephones. A wireless telephone usually contains a "call log,"
which records the telephone number, date, and time of calls made to and from the phone.
24  In addition to enabling voice communications, wireless telephones offer a broad range of
capabilities. These capabilities include: storing names and phone numbers in electronic
25  "address books;" sending, receiving, and storing text messages and e-mail; taking,
26  sending, receiving, and storing still photographs and moving video; storing and playing
27

AFFIDAVIT OF SA REESE - 7
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.      Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c.      GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

d.      IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

e.      Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same  state.

AFFIDAVIT OF SA REESE - 8
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.      I know based on my training, experience, and research, that the **SUBJECT DEVICE** has capabilities that allow it to serve as a wireless telephone, digital camera, and/or GPS navigation device. In your affiant's training and experience, examining data stored on devices such as the **SUBJECT DEVICE** can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## THE DIGITAL DEVICE AS INSTRUMENTALITIES OF THE CRIMES OF POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES, UNLAWFUL POSSESSION OF FIREARMS, AND POSSESSION OF FIREARMS IN FURTHERANCE OF DRUG TRAFFICKING

10.     I know from training and experience that people own cellular telephones and smartphones for the purpose of being able to use them wherever they are, and as such carry them virtually constantly, or are nearly always within the near vicinity of their cell phones and/or portable devices. People often use smartphones to communicate with their associates and will sometimes store associates contact or identity information in contact lists, speed dial lists, or other areas of the phone. The communications can occur in many ways, including through typical cellular phone calls, instant messaging, text messages, SMS communications, chat sessions, email and social networking websites. Your affiant knows that people use cellular phones to document and share information about their activities through phone calls, email, text messages, instant messages, SMS communications, photographs, videos, notes, and digital or voice memos that depict, discuss, or identify crime scenes, contraband, proceeds, victims, accomplices, or other evidence. Some of these communications are directed to another person or persons. Others are posted and shared more publicly, as happens with chat sessions and social networking websites.

11.     Smartphone users can also use their phones for calendar items, web surfing, and obtaining directions to locations. A cellular telephone typically stores, without action by the user, evidence of this use and activity of the phone in its memory and other

AFFIDAVIT OF SA REESE - 9
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  onboard or external storage such as SIM card or Micro SD card, as well as information,

2  such as call logs, address books, messages sent and received, images, audio and video

3  files, personal calendars, documents, as well as IP addresses (unique numeric identifiers

4  assigned when a device assesses the internet) and profiles for wireless networks to which

5  they have been connected using wired or Wi-Fi connectivity, which include location as

6  well as internet activity information (files viewed via the internet are typically

7  automatically downloaded onto a computer). These evidentiary records, communications,

8  and images can be retrieved from a cellular telephone, and will also often indicate the

9  date, time, and physical location at which the activity occurred (cell site data and/or GPS

10  coordinates for the phone). As such, a person's use of the phone will reveal where a

11  person has been at particular dates and times relevant to the crimes under investigation in

12  this case, a person's activity at relevant dates and times, and/or places where a person

13  frequents at which that person is likely to be found for arrest or at which the suspect

14  stored or inadvertently left evidence behind.

15       12.    I also know, based on my training and experience, that individuals engaged

16  in criminal activity will often use cellular phones to take photographs of themselves with

17  contraband.  They will then send those pictures via MMS, email, or other electronic

18  means to their associates, and/or post said pictures on social media and applications such

19  as Facebook, Snapchat, Instagram, and similar sites.  From cell phones and social media

20  sites, I have seen and recovered photographs that depict suspects (including prohibited

21  suspects) displaying and/or contraband. In this instance, DODD is receiving messages

22  from individuals seeking to buy "blues."

23       13.    Drug traffickers use cellular telephones as a tool or instrumentality in

24  committing their criminal activity. They use them to maintain contact with their

25  suppliers, distributors, and customers. They prefer cellular telephones because, first, they

26  can be purchased without the location and personal information that land lines require.

27  Second, they can be easily carried to permit the user maximum flexibility in meeting

AFFIDAVIT OF SA REESE - 10
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 associates, avoiding police surveillance, and traveling to obtain or distribute drugs and/or

2 firearms. Third, they can be passed between members of a conspiracy to allow

3 substitution when one member is unavailable or incapacitated.

4      14.    Since cellular phone use became widespread, all or nearly all drug dealers

5 your affiant has contacted have used one or more cellular telephones for his or her drug

6 business. I also know that it is common for drug traffickers to retain in their possession

7 phones they previously used, but have discontinued using, for their drug trafficking

8 business.

9      15.    In addition, I know that prohibited persons, such as DODD, cannot legally

10 acquire firearms from a firearms dealer due to the legal requirement for a background

11 check. Accordingly, prohibited persons, such as DODD, will instead acquire the firearms

12 from other individuals. Evidence of their negotiations for the purchase and sale of illicit

13 firearms, in the form of text messages and/or other messaging applications, can and often

14 are found on cell phones possessed by suspects. I have personally had the experience of

15 searching, or causing others to search, cell phones seized during firearms cases and found

16 communications evidencing the acquisition and possession of firearms.

17      16.    Based on m y training and experience, the data maintained in a

18 cellular telephone used by a drug trafficker and prohibited persons is evidence of a crime

19 or crimes. This includes the following:

20      a.    The assigned number to the cellular telephone (known as the
mobile directory number or MDN), and the identifying telephone serial number
21 (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN),
(International Mobile Subscriber Identity, or IMSI), or (International Mobile Equipment
22 Identity, or IMEI) are important evidence because they reveal the service provider,
23 allow law enforcement to obtain subscriber information, and uniquely identify the
telephone. This information can be used to obtain toll records, to identify contacts by
24 this telephone with other cellular telephones used by co-conspirators, to identify other
25 telephones used by the same subscriber or purchased as part of a package.

26      b.    The stored list of recent received, missed, and sent calls is important
27 evidence. It identifies telephones recently in contact with the telephone user. This is

AFFIDAVIT OF SA REESE - 11
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts. If the user is under surveillance, it identifies what number he called during or around the time of a drug transaction or surveilled meeting. Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user. Identifying a defendant's law-abiding friends is often just as useful as identifying his drug-trafficking associates.

c.      Stored text messages are important evidence, similar to stored numbers. Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

d.      Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Pictures also identify associates likely to be members of the trafficking organization. Also, digital photos often have embedded "geocode" or GPS information embedded in them. Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can show where coconspirators meet, where they travel, and where assets might be located.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS FOR THE CRIMES OF POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES, UNLAWFUL POSSESSION OF FIREARMS, POSSESSION OF A FIREARM IN FURTHERANCE OF DRUG TRAFFICKING CRIMES**

17.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device used to access the Internet. This information can sometimes be recovered with forensic tools.

18.     *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crime described on the warrant, but also forensic evidence that establishes how the **SUBJECT DEVICE** was used, the purpose of its use, who used it,

AFFIDAVIT OF SA REESE - 12
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and when. There is probable cause to believe that this forensic electronic evidence might be on the **SUBJECT DEVICE** because:

      a.     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

      b.     Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

      c.     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

      d.     The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

      e.     Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

    19.    *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, your affiant submits there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## SEARCH AND/OR SEIZURE OF DIGITAL DEVICE

    20.    Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, the warrant your affiant is applying for will permit imaging or otherwise copying all data contained on the **SUBJECT DEVICE**, and

AFFIDAVIT OF SA REESE - 13
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  will specifically authorize a review of the media or information consistent with the

2  warrant.

3      21.    In accordance with the information in this affidavit, law enforcement

4  personnel will execute the search of the **SUBJECT DEVICE** seized pursuant to this

5  warrant as follows:

6      a.    *Securing the Data*. In order to examine the ESI in a forensically
sound manner, law enforcement personnel with appropriate expertise will attempt to
7  produce a complete forensic image, if possible and appropriate, of the Device.[2] Law
enforcement will only create an image of or extract data physically present on or within
8  the Device. Creating an image of or extracting data from the Device will not result in
access to any data physically located elsewhere. However, devices that have previously
9  connected to devices at other locations may contain data from those other locations.

10

11      b.    *Searching the Forensic Data*. Searching the forensic data for the
item described in Attachment B may require a range of data analysis techniques. In some
12  cases, it is possible for agents and analysts to conduct carefully targeted searches that can
locate evidence without requiring a time-consuming manual search through unrelated
13  materials that may be commingled with criminal evidence. In other cases, however, such
techniques may not yield the evidence described in the warrant, and law enforcement
14  may need to conduct more extensive searches to locate evidence that falls within the
scope of the warrant. The search techniques that will be used will be only those
15  methodologies, techniques and protocols as may reasonably be expected to find, identify,
segregate and/or duplicate the items authorized to be seized pursuant to Attachment B to
16  this affidavit.

17

18  //

19  //

20

21  _____

22      [2] The purpose of using specially trained computer forensic examiners to conduct the imaging of
digital devices or other electronic storage media is to ensure the integrity of the evidence and to follow
23  proper, forensically sound, scientific procedures. When the investigative agent is a trained computer
forensic examiner, it is not always necessary to separate these duties. Computer forensic examiners often
24  work closely with investigative personnel to assist investigators in their search for digital evidence.
Computer forensic examiners are needed because they generally have technological expertise that
25  investigative agents do not possess. Computer forensic examiners, however, often lack the factual and
investigative expertise that an investigative agent may possess on any given case. Therefore, it is often
26  important that computer forensic examiners and investigative personnel work closely together.

27

AFFIDAVIT OF SA REESE - 14
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

22.     Based on the information set forth herein, there is probable cause to believe the property described in Attachment A contains evidence, instrumentalities, and/or fruits of violations of the TARGET OFFENSES, to wit:  Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) Possession with Intent to Distribute a Controlled Substance, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), and Title 18, United States Code, Section 922(g)(1) Unlawful Possession of a Firearm, as well as attempt or conspiracy to commit such offenses), as further described in Attachment B.


OWEN REESE, Affiant
SPECIAL AGENT, FBI



The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone on this ___1st___ day of November, 2024.


THE HON. BRIAN A. TSUCHIDA
United States Magistrate Judge

AFFIDAVIT OF SA REESE - 15
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Attachment A

Property to be Searched

1
2
3
4
5
6
7

The **SUBJECT DEVICE** is described as follows: **black iPhone in a clear case with a cracked screen, marked as Seattle Police Evidence Item # 2024-051208-7** which is currently in the custody of the Seattle Police Evidence Unit in Seattle, Washington.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

ATTACHMENT A - 1
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Attachment B

Items to be Seized

Evidence, fruits, and instrumentalities of violations of: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), Possession with Intent to Distribute a Controlled Substance, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), and Title 18, United States Code, Section 922(g)(1) Unlawful Possession of a Firearm, as well as attempt or conspiracy to commit such offenses, committed on February 22, 2024:

1. Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

2. Information on calls received, sent, or missed on February 22, 2024;

3. Contact information;

4. Photographs and videos of narcotics; photographs and videos which relate to customers and their identifying information; photographs and videos which relate to the sources, amounts, types, payments for, and prices of drugs; and photographs or videos that show the user of the digital device and/or suspected co-conspirators; where the preceding show evidence of the aforementioned crimes on or about February 22, 2024;

5. Text messages related to the aforementioned crimes of investigation including Apple iMessages, SnapChat, text messages, or other similar messaging services or applications sent or received on February 22, 2024 where the data is located on the digital device;  and

6. Evidence of who used, owned, or controlled the digital device or other electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence.

ATTACHMENT B - 1
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form, including emails, photographs, text messages, information contained in applications or "apps," and calendar entries.

7
8
9
10
11

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

12
13
14
15
16
17
18

THE SEIZURE OF DIGITAL DEVICES OR OTHER ELECTRONIC STORAGE MEDIA AND/OR THEIR COMPONENTS AS SET FORTH HEREIN IS SPECIFICALLY AUTHORIZED BY THIS SEARCH WARRANT, NOT ONLY TO THE EXTENT THAT SUCH DIGITAL DEVICES OR OTHER ELECTRONIC STORAGE MEDIA CONSTITUTE INSTRUMENTALITIES OF THE CRIMINAL ACTIVITY DESCRIBED ABOVE, BUT ALSO FOR THE PURPOSE OF THE CONDUCTING OFF-SITE EXAMINATIONS OF THEIR CONTENTS FOR EVIDENCE, INSTRUMENTALITIES, OR FRUITS OF THE AFOREMENTIONED CRIMES.

19
20
21
22
23
24
25
26
27

ATTACHMENT B - 2
*United States v. Dodd*  USAO 2024R00372

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970